288 So.2d 409 (1974)
Joseph N. TRAIGLE, Collector of Revenue, State of Louisiana,
v.
FAIRGROUNDS CORPORATION.
No. 5834.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
Writ Refused April 5, 1974.
James F. Abadie, Baton Rouge, for plaintiff-appellant.
Felix W. Gaudin, James J. Grevemberg and John J. Cummings, III, New Orleans, for defendant-appellee.
Before BOUTALL and SCHOTT, JJ., and BAILES, J. Pro Tem.
SCHOTT, Judge.
The Collector of Revenue has appealed from a judgment maintaining an exception of no cause of action and dismissing his claim for sales taxes and occupational license taxes pursuant to LSA-R.S. 47:301 et seq. and 47:341 et seq. respectively.
*410 Defendant's exception was based upon the exemption afforded by LSA-R.S. 4:168:
"The license fees, commissions, and taxes imposed in this Part are in lieu of all other such licenses, sales, excise and occupational taxes to the state or to any parish, city, town, or other political subdivision thereof."
The exemption by its terms does not purport to be applicable to the sales taxes sought to be collected in this case. The Collector is here attempting to collect from defendant sales taxes on certain sales made by defendant to its customers from 1968 to 1972. The items sold were such things as food, programs and parking. The Collector is not claiming sales taxes on items which defendant bought for its own use, but only on those items which were sold on a retail basis to the patrons of the race track. This distinction is of paramount importance to this case. With respect to the taxes being claimed, defendant is a "dealer" under LSA-R.S. 47:301 and is charged with the duty to collect the sales taxes as an agent of the state.
"The tax levied in this Chapter shall be collected by the dealer from the purchaser or consumer . . . ." R.S. 47:304.
"For the purpose of collecting and remitting to the state the tax imposed by this Chapter, the dealer is hereby declared to be the agent of the state." R.S. 47:306A.
Indeed, not only does the dealer not pay the tax himself but he is paid a commission by the state for collecting, handling and remitting the funds.
The exemption relied upon by defendant must be strictly construed against the taxpayer and in favor of the state. State v. U-Drive-It Car Company, 79 So.2d 590 (La.App.1955); Ruston Hospital, Inc. v. Riser, 191 So.2d 665 (La.App. 1966); Succession of Hyams, 199 So.2d 29 (La. App.1967); writ refused, 250 La. 984, 200 So.2d 667; Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1959).
On the other hand the exemption is patently applicable to the occupational license taxes being sought by the Collector. There is this relationship between the two types of taxes in that the license tax is computed according to gross receipts (See LSA-R.S. 47:353 and 355) but it is not a tax to the consumer on their purchases.
Thus, defendant is not exempt from the payment of the sales taxes in question but is exempt from the occupational license taxes sought to be collected. Accordingly, the judgment of the trial court maintaining the exception of no cause of action as to the occupational license taxes is affirmed, but as to the sales taxes is reversed and set aside and the case is remanded for further proceedings.
Affirmed in part, reversed in part and remanded.