798 So.2d 319 (2001)
Kerry Joseph CUROLE et al.
v.
AVONDALE INDUSTRIES, INC. et al.
No. 2001-C-1808.
Court of Appeal of Louisiana, Fourth Circuit.
October 17, 2001.
Rehearing Denied November 13, 2001.
Olivia S. Tomlinson, Avery Lea Griffin, William L. Schuette, Jr., Leon Gary, Jr. Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, Counsel for Relators.
Frank J. Swarr, Mickey P. Landry, Landry & Swarr, L.L.C., New Orleans, LA, Counsel for Plaintiff/Respondent, Kerry Curole.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge STEVEN R. PLOTKIN, and Judge MIRIAM G. WALTZER.
*320 WILLIAM H. BYRNES, III, Chief Judge.
Relator/Defendant, Viacome, Inc., formerly known as Westinghouse Electric Corporation ("Viacome/Westinghouse"), requests a review of the trial court's ruling, granting the plaintiffs an early trial date set for December 3, 2001. We affirm. We order relator to file an answer within ten days of the date of this opinion. The plaintiffs' request for sanctions is denied.
The plaintiffs claim that Kerry Curole developed lung cancer as a result of exposure to asbestos while working for Avondale Industries, Inc. ("Avondale"). Plaintiffs filed a motion for expedited trial under La. C.C.P. art. 1573 and submitted an affidavit from the plaintiff Kerry Joseph Curole's doctor that he was not likely to survive beyond six months. On August 31, 2001, the trial court set the trial date on December 3, 2001.

Exception under La. C.C.P. art. 1573
Relator contends that the trial court erred in scheduling the trial in contravention of La. C.C.P. art. 1571 and Rule 10, § 1 of the Rules of Civil District Court. Relator asserts that this case is intensely fact-specific and relator would be denied due process if it is forced to trial without time to prepare. Relator submits that Viacom/Westinghouse had not been served, issue had not been joined, exceptions had not been filed and no discovery had been conducted. However, the plaintiffs note that the plaintiff, Kerry Joseph Curole was deposed in his hospital room.
Relator maintains that Brennan v. Shell Offshore, 602 So.2d 97 (La.App. 4 Cir. 1992), appeal after remand, 93 1525 (La. App. 4 Cir. 3/29/94), 635 So.2d 429 is controlling. However, in that case this Court found that it was error for the trial court to set a trial on the intervention prior to the filing of an answer by the defendant in intervention, and the judgment on the intervention was null and void. The case did not involve a review of La. C.C.P. art. 1573, which allows an earlier trial where the plaintiff is not expected to live beyond six months.
The question at issue is whether La. C.C.P. art. 1571 and Rule 10, § 1 of the Rules of Civil District Court for the Parish of Orleans are mandatory when considered with La. C.C.P. art. 1573. La. C.C.P. art. 1571 provides in pertinent part:
Art. 1571. Assignment by court rule
A(1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties; and
(b) Prescribe the order of preference in accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
Rule 10, § 1 of the Rules of Civil District Court for the Parish of Orleans provides:
RULE 10. ASSIGNING CASES FOR TRIAL
Section 1. Each division of the court shall maintain a weekly trial docket. No case shall be placed upon any docket for trial, except by order of the court, granted upon motion by a party, suggesting to the court that all issues propounded in the principal and incidental demands have been joined; that cases which should be consolidated; that all exceptions have been disposed of; motions for summary judgment heard; all discovery completed; and that the case is ready for trial on its merits. Said motion shall be signed by the attorney for the mover who shall certify that trial counsel for all parties have conferred, in person, to confirm the foregoing have *321 been accomplished. No conference is required with any party appearing pro se. Any attorney residing outside the greater New Orleans area may confer by phone. Forms of this motion are available and will be supplied by the clerk of court upon request. [Emphasis added.]
However, La. C.C.P. art. 1573 is an exception in the assignment of trials. La. C.C.P. art. 1573 states:
Art. 1573. Assignments of trials; preference; terminally ill.
The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference. [Emphasis added.]
Both La. C.C.P. arts. 1571 and 1573 include mandatory language by using the word "shall." In Chamberlain v. State, Through Department of Transp. and Development, 621 So.2d 1118 (La.App. 1 Cir. 1993), writ granted 615 So.2d 333 (La. 1993), writ denied, 615 So.2d 334 (La. 1993), reversed on other grounds, 624 So.2d 874 (La.1993), on remand, 91-1942 (La.App. 1 Cir. 3/11/94), 633 So.2d 871, the First Circuit held that art. 1571 does not prohibit the setting of a trial date before an answer has been filed as long as an answer has been filed before the trial commences. La. C.C.P. art. 1573 is an exception to the requirements of La. C.C.P. art. 1571. In the interest of justice, the trial court is required under La. C.C.P. art. 1573 to grant an exception to allow the plaintiffs preferential treatment and consideration, where the plaintiff, Kerry Joseph Curole, is not expected to live for more than six months. The trial court has the discretion to set his dockets and set the time schedule for trial. The trial court has the discretion to set the trial date in this emergency medical situation to preserve the evidence and to allow the plaintiff, Kerry Curole, to have his day in court.

Answer
Relator argues that it has not filed an answer to the plaintiffs' petition. However, relator provides no evidence or reason why it has not filed an answer. Accordingly, relator is ordered to file an answer within ten days of the date of this opinion.

Discovery
Relator claims that it is denied due process based on the fact that no discovery has taken place and cannot be completed. The plaintiffs assert that discovery has begun as Kerry Joseph Curole was deposed while he was in the hospital.
At the time that the trial court rendered its ruling on August 31, 2001, relator had three months to undergo discovery besides filing its answer. Relator took its time to file its writ application on September 25, 2001, considering that relator complains of the brevity of time to prepare for trial. Relator has the opportunity to make a good faith effort to follow the discovery and docketing schedule in preparing for the trial date. In the event a situation develops that requires special management for discovery, relator may apply to the trial court for an altered schedule.
The trial court did not abuse its discretion in managing its docket and setting the trial date for December 3, 2001 pursuant to the exception under La. C.C.P. 1573.

*322 Sanctions

In connection with relator's writ application, the plaintiffs have filed a motion for sanctions under La. C.C.P. art. 863 based on the claim that relator represented false statements in its brief and the filing of the writ application increased the cost of litigation. The plaintiffs ask for court costs and attorney's fees.
Only the trial court has the authority to impose sanctions for violation of the pleading certification requirements; the court of appeal's authority is limited to awarding damages solely for frivolous appeal. La. C.C.P. art. 2164, Hampton v. Greenfield, 618 So.2d 859 (La.1993). The sanction article, La. C.C.P. art. 863, relating to the signing of pleadings is intended to be used only in exceptional circumstances, and when there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Witter v. Witter, 94-0378 (La.App. 1 Cir. 12/22/94), 648 So.2d 1052. Failure to prevail does not trigger an award for sanctions. Id. Only when the evidence is clear that there is no justification for the assertion of a legal right, should sanctions be considered. Aisola v. Metropolitan Life Ins. Co., 97-2145 (La.App. 4 Cir. 4/22/98), 713 So.2d 568. In the present case, relators have raised a valid issue and asserted a justifiable legal right. Sanctions are not considered.
Accordingly, relator's writ application is denied, and the plaintiffs' motion for sanctions is denied.
WRIT DENIED; ANSWER TO BE FILED WITHIN TEN DAYS; PLAINTIFFS' MOTION FOR SANCTIONS DENIED.