804 So.2d 777 (2001)
Chandell HARDY, Individually, On Behalf of her Minor Daughter, Mariah Ashley Hardy
v.
EASY T.V. AND APPLIANCES OF LOUISIANA, INC., Klopp Enterprises Inc., Burt K. Carnahan, Diana Tonagel, and the Law Firm of Lobman, Carnahan, Batt and Angell.
No. 2001-CA-0025.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2001.
*779 Davy P. Laborde, Law Firm of Davy P. Laborde, New Orleans, LA, Counsel for Plaintiff/Appellant.
Randall L. Kleinman, Hulse & Wanek, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE.
Judge TERRI F. LOVE.
Plaintiffs-Appellants Chandell Hardy and her daughter Mariah Hardy ("Plaintiffs") appeal the trial court's judgment dated September 29, 2000 which dismissed their suit against defendants Burt K. Carnahan, Diana Tonagel, and the law firm of Lobman, Carnahan, Batt and Angelle ("the Attorney Defendants") based upon the latter's exception of prescription. We affirm for the following reasons.

FACTS AND PROCEDURAL HISTORY
On March 20, 1993, Chandell Hardy ("Ms.Hardy") allegedly tripped and fell at the Easy Rental store located at 1939 Tulane Avenue in New Orleans, Louisiana. On the day before prescription was to run, Ms. Hardy and her husband, Steve Hardy, filed a lawsuit on behalf of themselves and their minor daughter Mariah Hardy, against A + Rental, Inc. ("A + "), the name provided to them orally by the Secretary of State as the store's corporate name. Plaintiffs then attempted to serve the agent for service of process for A+. When he did not answer, Plaintiffs sent a copy of their lawsuit to the manager of the Easy Rental store where the accident had occurred. Easy Rental, the correct defendant, then appeared in the case, represented by the Attorney Defendants. Easy Rental asserted that its correct name was Easy T.V. & Appliance Rental of Louisiana, Inc. ("Easy T.V."). In addition, it filed exceptions of prescription and insufficiency of service of process.
Following a hearing on the issue of service of process, Plaintiffs filed a supplementing and amending petition naming Easy T.V. & Appliance Rental of Louisiana, Inc. as a defendant. They argued that their petition should be allowed to relate back to the date of filing the original petition against A+ because their mistake in suing the wrong party was due to their reliance on information provided by the Secretary of State. They alleged that they sued A+ Rental, Inc. because the Secretary of State told them that no corporation was currently doing business in Louisiana under the name Easy Rental, Inc. and that A+ Rental, Inc. had previously used the name E-Z Rentals, Inc. Plaintiffs argued that their supplemental petition should be allowed to relate back because their mistake *780 was caused by Easy Rental's use of another company's tradename and not by their lack of diligence. The trial court granted Easy T.V.'s exception of insufficiency of service of process in May of 1995 and its exception of prescription on July 17, 1995.
Plaintiffs timely appealed the trial court's dismissal of their suit. In Hardy v. A + Rental, Inc., 95-2176 (La.App. 4 Cir. 5/8/96), 674 So.2d 1155, we upheld the trial court's dismissal of Plaintiffs' suit based upon Easy T.V.'s exception of prescription. After we denied Plaintiffs' application for rehearing, they applied for a writ of certiorari with the Louisiana Supreme Court, which was denied on November 1, 1996. Hardy on Behalf of Hardy v. A+ Rental Inc., 96-1945 (La.11/1/96), 681 So.2d 1268.
Meanwhile on July 15, 1996, Plaintiffs had filed a Petition for Nullity against Easy T.V. asking that the judgment granting the exception of prescription be nullified pursuant to La. C.C.P. art.2004 because it had been obtained by fraud and ill practices. Easy T.V. filed an exception of res judicata, which was granted by the trial judge on June 3, 1997. That action was upheld by this court on January 6, 1999, and the Supreme Court denied writs on April 23, 1999. Hardy v. Easy T.V. and Appliance Rental of Louisiana, Inc., unpub. 98-1239 (La. App 4 Cir. 1/6/99, 735 So.2d 142), rehearing denied January 29, 1999; Hardy v. Easy T.V. and Appliance Rental of Louisiana, Inc., 99-0589 (La.4/23/99), 742 So.2d 885.
On April 24, 2000, Plaintiffs filed the present lawsuit against Easy T.V. and Appliances of Louisiana, Inc., Klopp Enterprises Inc., and the Attorney Defendants. Therein they accused the Attorney Defendants of knowing, willful, and deliberate concealments and omissions, misrepresentations, conspiracy and misuse of the mails, for the purpose of concealing the true identity of their client Easy T.V. so as to wrongfully deprive Plaintiffs of the right to seek redress for their injuries. On July 26, 2000, the Attorney Defendants filed an exception of prescription, along with a motion for sanctions. Plaintiffs opposed the motion and exception. Following a hearing on September 29, 2000, the trial judge maintained the Attorney Defendants' exception of prescription and dismissed Plaintiffs' suit against them, but denied the Attorney Defendants' motion for sanctions. On October 4, 2000, Plaintiffs filed a request for written opinion and a notice of intent to appeal. Their motion and order for devolutive appeal was filed on October 19, 2000. The trial judge signed that motion on October 23, 2000. The Attorney Defendants filed an answer to Plaintiffs' appeal in the trial court on November 2, 2000. Therein they maintained that the September 29, 2000 judgment should be reversed only insofar as it denied their motion for sanctions. In addition, the Attorney Defendants maintained that Plaintiffs' appeal was frivolous, thereby entitling them to sanctions and damages from Plaintiffs and their attorney. The trial judge, on December 12, 2000, issued reasons for his September 29, 2000 judgment. Those reasons provided, in pertinent part, that: "[t]he Court finds that the claims asserted by plaintiffs are prescribed pursuant to Civil Code Art. 3492, where the plaintiffs knew of the facts giving rise to their claims and their alleged damages for well over one year prior to filing suit."

DISCUSSION

Assignment of Error # 1
Plaintiffs claim that the judgment granting the Attorney Defendants' exception of prescription is contrary to the law applicable to the facts and claims made in their petition and in their memorandum opposing the exception.
*781 The Attorney Defendants argued in their memorandum in support of their exception of prescription that if they had acted tortiously to prevent Plaintiffs from asserting their rights to seek legal redress for their injuries, such actions must have necessarily taken place prior to the time that Plaintiffs filed their original personal injury claim on March 23, 1994. They note that Plaintiffs' original tort suit was judicially found to have been prescribed at the time it was originally filed. As such, the Attorney Defendants argued that this latest lawsuit is but another attempt by Plaintiffs to revive their improperly filed original lawsuit.
Delictual actions are subject to a liberative prescription on one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Damage is considered to have been sustained only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Cole v. Celotex Corp., 620 So.2d 1154, 1156 (La. 1993).
Plaintiffs acknowledge that the one-year prescriptive period found in La. C.C. art. 3492 applies to their suit. Nevertheless, they allege that their case has not prescribed because the alleged fraudulent concealments, misrepresentations and omissions committed by the Attorney Defendants continued up until the day the Supreme Court denied writs in their appeal of the dismissal of the nullity action on April 23, 1999. In effect, Plaintiffs argue that the Attorney Defendants' fraudulent actions amounted to a continuing tort, thereby suspending the commencement of prescription until the tort ceased. Accordingly, they contend that this suit is timely, having been filed on Monday April 24, 2000, within one year of the date that they were finally denied legal recourse in their nullity action. Plaintiffs cite no relevant case law to support this argument.
Initially, we have grave doubts about whether Plaintiffs have asserted a valid cause of action based on fraudulent or negligent misrepresentation. Plaintiffs mention the word "fraud" for the first time in their memorandum in opposition to the exception of prescription. La. C.C.P. art. 856 requires that the circumstances constituting fraud must be alleged with particularity. Further, in determining whether a cause of action for fraud has been properly pled, the court may disregard as mere conclusions a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute the alleged fraud. Rozas v. Evangeline Parish Police Jury, 214 So.2d 398, 400 (La. App. 3 Cir.1968), overruled on other grounds, citing Loeb v. Badalamenti, 192 So.2d 246 (La.App. 4 Cir.1966). Plaintiffs have made no particularized allegations of the circumstances of the fraud alleged herein.
To prevail in an action for negligent misrepresentation, Plaintiffs must prove that defendants had a legal duty to supply correct information, that defendants breached that duty, and that the breach of that duty caused them damages. Beal v. Lomas and Nettleton Co., 410 So.2d 318 (La.App. 4 Cir.1982). The general rule that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf is well established in Louisiana law. Preis v. Durio, 94-468 (La.App. 3 Cir. 11/2/94), 649 So.2d 600, 603, citing Penalber v. Blount, 550 So.2d 577, 581 (La.1989).
Nonetheless, we will assume that Plaintiffs have a cause of action for purposes of our discussion of prescription. Plaintiffs seek damages for the deprivation of their *782 right to seek legal redress for the slip and fall sustained by Ms. Hardy on March 20, 1993. We agree with the Attorney Defendants' proposition that, even assuming that they had somehow acted fraudulently to prevent Plaintiffs from suing the proper defendant, that wrongdoing had to have occurred prior to the filing of Plaintiffs' original personal injury lawsuit on March 21, 1994. Accordingly, the present action is prescribed, having been filed over six years later on April 24, 2000. Even if we were to use November 1, 1996, the date that the Louisiana Supreme Court denied writs and upheld the granting of the exception of prescription on the underlying claim, the current suit would be untimely. Finally, Plaintiffs filed a nullity petition alleging fraud and ill practices against Easy T.V. on July 15, 1996, long before the Supreme Court denied writs in the original action. The allegations made herein are essentially the same as those made in that nullity suit. Plaintiffs simply allege now that the Attorney Defendants somehow conspired with their client Easy T.V. to perpetuate the concealment of Easy T.V.'s true identity. Plaintiffs surely had sufficient information with which to file suit against the Attorney Defendants at the time they filed their petition for nullity. Accordingly, even when we give Plaintiffs every benefit of the doubt, the filing of the present suit, more than one year after the filing of the nullity action, is untimely.

Assignment of Error # 2
Plaintiffs next assert that the Attorney Defendants' failed to carry their burden of proof.
Generally, the party raising the exception of prescription bears the burden of proof, unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La. 1992).
The Attorney Defendants more than carried their burden of proving that Plaintiffs' claims have prescribed. As discussed in the previous assignment of error, Plaintiffs' arguments that the defendants' actions constituted a continuing tort are unpersuasive. We find this assignment to be without merit.

Assignment of Error # 3
Plaintiffs next assert that the trial court's written reasons for its September 29, 2000 judgment were vague and thereby put them at a disadvantage in contesting that judgment.
Under La. C.C.P. art.1917, a trial court in a bench trial is required, when requested, in all appealable contested cases, to give written findings of fact and reasons for judgment. Plaintiffs fail to cite any support for their contention that the trial court's reasons for judgment must contain the specific date upon which it determined that prescription began to run. Accordingly, this assignment of error is without merit.

Assignment of Error # 4
Finally, Plaintiffs claim, in the alternative, that the trial court failed to apply the doctrine of contra non valentem. They argue that the defendants' fraud and misrepresentations prevented them from availing themselves of their cause of action.
A corollary of the doctrine of contra non valentem is that prescription begins to run when the plaintiff has a reasonable basis to pursue a claim against a specific defendant. The doctrine suspends the running of prescription during the period of time when the action was not reasonably knowable by the plaintiff. *783 Bowers v. Orleans Parish School Bd., 95-2530 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 973.
In the instant case, any cause of action against the Attorney Defendants was certainly reasonably knowable by the plaintiffs as of July 15, 1996, the date when they filed their nullity action. Hence, prescription commenced on that date and Plaintiffs failed to file their petition in a timely manner.

The Attorney Defendants' Request for Sanctions
The Attorney Defendants maintain the trial court erred in failing to award sanctions in its September 29, 2000 judgment maintaining their exception of prescription. In addition, they answered this appeal asserting that this court should award sanctions and damages because Plaintiffs' appeal is frivolous.
Plaintiffs assert that the trial court was correct in not imposing sanctions against them and that this court should refuse to award sanctions against them as well.
We decline to overturn the trial court's decision that sanctions were not warranted in conjunction with its granting of the Attorney Defendants' exception of prescription.
La. C.C.P. art. 2164 provides, however, that:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
Appeals are favored in the law and no penalties should be awarded for frivolous appeal unless it is manifestly clear that the appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law that he is advocating. Sherman for and on Behalf of Magee v. B & G Crane Service, 455 So.2d 1275 (La.App. 4 Cir.1984).
Counsel for Plaintiffs' continued argument that his clients' claims against the Attorney Defendants were not knowable to them at the time they filed their nullity petition against Easy T.V. lacks serious merit. Nevertheless, we are unable to say that damages for frivolous appeal are warranted.

CONCLUSION
For the foregoing reasons, the judgment of the trial court maintaining the Attorney Defendants' exception of prescription and dismissing plaintiffs' claims is affirmed. All costs of this proceeding are taxed against Plaintiffs.
AFFIRMED.