STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1425


DEBRA CAPDEVILLE

VERSUS

WINN DIXIE STORE #1473

**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, DOCKET NO. 00-01646
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE


**************
SYLVIA R. COOKS
JUDGE
**************


Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

Michael B. Miller
Attorney at Law
P.O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Debra Capdeville

James M. Taylor
Charles J. Duhe, Jr.
Denise M. Ledet
Taylor, Wellons, Politz & Duhe, APLC
1515 Poydras, Suite 1900
New Orleans, LA 70112
(504) 525-9888
COUNSEL FOR DEFENDANT/APPELLEE:
    Winn Dixie Store #1473

**COOKS, Judge.**

## STATEMENT OF THE CASE

This workers' compensation case is on appeal for the second time. *Capdeville v. Winn Dixie Store #1473*, 05-870 (La.App. 3 Cir. 3/1/06), 923 So.2d 900. The facts are as follows. Ms. Capdeville was employed by Winn Dixie as a deli clerk. She injured her head and neck when a ten pound bag of dough fell and struck her. In September 1998, she filed a disputed claim for compensation seeking workers' compensation benefits, medical expenses, penalties and attorney's fees. A consent judgment was reached awarding Ms. Capdeville temporary total disability benefits at the rate of $145.34 per week, all necessary medical treatment, penalties and attorney's fees. The parties eventually agreed to settle the claim. A letter dated September 15, 2006 from Ms. Capdeville's attorney to Winn Dixie proposed the terms of the settlement as follows:

> a. That your clients pay the amount of $125,000.00
>
> b. That your clients continue to pay weekly compensation benefits until the settlement amount is approved by the Office of Workers' Compensation and settlement check clears my bank.
>
> c. That your clients pay all medicals through date of settlement and also pay medicals related to her problem with her teeth after the date of settlement.
>
> d. That your clients pay all court costs.

Counsel for Winn Dixie responded in a letter dated September 20, 2006 which provided, in relevant part, as follows:

> We are in receipt of your letter dated September 15, 2006 confirming the settlement terms in the above mentioned matter. The terms adequately confirm the terms of the settlement with the exception of "c" in your letter. Winn Dixie will pre-pay for the dental treatment recommended by Dr. Pearce. However, Winn Dixie will not pay for any additional dental or other medical treatment after the date of the settlement. For you convenience, attached is a copy of the Pre-Certification Request Form signed by our client authorizing the

1

procedures.

On October 31, 2006, a full and final settlement in the amount of $125,000.00 was approved by the Office of Workers' Compensation. The settlement documents provided payment would be paid as follows: (1) $35,594.00 would be placed into a self-administered Medicare Set-Aside Account to cover future medical expenses which Medicare would otherwise cover; and (2) $89,406.00 would be paid in one lump sum. Section XXVII provided: "Employer will continue to pay weekly compensation benefits until the settlement amount is approved by the Office of Workers' Compensation." The judgment does not contain a reference to the letter agreement between the parties to pay benefits until the settlement check cleared the bank. However, the employer continued to pay weekly benefits until November 10, 2006. Two settlement checks totaling $125,000.00 were mailed to Ms. Capdeville's attorney on November 13, 2006 and received the next day.

Ms. Capdeville filed a Motion and Order for Penalties and Attorney's Fees asserting Winn Dixie failed to continue paying weekly compensation benefits until the settlement check cleared her attorney's bank and failed to pay medicals through the date of settlement. Ms. Capdeville also asserted the settlement checks failed to include legal interest from the date of the approval of the judgment of October 31, 2006 until paid on November 13, 2006. The workers' compensation judge found: (1) penalties and attorney's fees were not owed under La.R.S. 23:1201(G) because the settlement was paid within thirty days after it was due; and (2) the settlement documents did not contain a provision that benefits would be paid until the settlement check cleared the attorney's bank. Ms. Capdeville appeals, asserting the workers' compensation judge erred in failing to award interest in the amount of $364.35 for the period from October 31, 2006 until November 14, 2006 and failed to award penalties

2

and attorney's fees under La.R.S. 23:1201(G). Winn Dixie answered the appeal, requesting sanctions under La.Code Civ. P. art. 863(B) for filing a pleading that is not grounded in law or fact and damages for a frivolous appeal under La.Code Civ.P. art. 2164. For the reasons assigned below, we affirm the decision of the workers' compensation judge but for different reasons. We deny Winn Dixie's request for sanctions and damages.

## LAW AND DISCUSSION

Ms. Capdeville advances her argument relying on two provisions in the workers' compensation statutes. The first is La.R.S. 23:1201.3(A) which provides, in relevant part:

> Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction.

The second is La.R.S. 23:1201(G) which provides, in relevant part:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

Ms. Capdeville contends Winn Dixie did not pay the judgment on October 31, 2006, the day it was due, and therefore, under La.R.S. 1201.3 interest began to run on the full amount until receipt of the checks on November 14, 2006. Further, Ms. Capdeville asserts since the settlement was not paid in full, penalties and attorney's fees are owed under La.R.S. 23:1201(G).

3

Ms. Capdeville is correct in asserting legal interest on a contract commences from the date the contracted debt is due and in the present workers' compensation case, from the date the judgment was signed approving the settlement between the parties. La.Civ.Code art. 2000; *River Road Constr., Inc. v. Canal Indemnity Co.*, 538 So.2d 625 (La.App. 1 Cir. 1988). However, the parties in this case anticipated that the disbursement and arrival of the settlement checks would not occur on the day the judgment was signed. In the event receipt of the checks was delayed, the parties agreed Ms. Capdeville would continue to receive benefits even after the date of settlement. Specifically, the correspondence between the parties indicates Winn Dixie would "continue to pay weekly compensation benefits until the settlement amount is approved by the Office of Workers' Compensation and settlement check clears my bank." Ms. Capdeville's attorney does not indicate, either in brief or oral argument, on what date the settlement check cleared his bank. However, it is undisputed Ms. Capdeville received compensation benefits until November 10, 2006. Although this provision was never reduced to writing in the settlement document, it does not make it any less binding on the parties. Under the terms outlined in the letter, the parties agreed to operate under the weekly-benefits scheme provided in the workers' compensation statute until the settlement check was forthcoming. The settlement check arrived on November 14, 2006, at least three days before the next weekly benefit was due. The settlement agreement, when examined as a whole, by fair implication, evidences an intent by the parties to forego the interest that ordinarily attaches once a settlement agreement is reduced to judgment. Instead, the parties agreed to continue the payment scheme provided in the workers' compensation statute. It is simply unreasonable to find Winn Dixie gratuitously agreed to pay weekly benefits through November 10, 2006 knowing it would also be obliged to pay

4

interest on the total award from the date of signing through November 14, 2006.

Winn Dixie answered the appeal, asserting the workers' compensation judge erred in not imposing sanctions under La.Code Civ.P. art. 863. This article allows the imposition of sanctions if a finding is made that the pleading is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* The imposition of sanctions is "used only in exceptional circumstances, and when there is even the slightest justification for the assertion of a legal right, sanctions are not warranted." *Curole v. Avondale Indus., Inc.*, 01-1808, p.5 (La.App. 4 Cir. 10/17/01), 798 So.2d 319, 322. The failure of a party to prevail on a claim does not justify the imposition of sanctions. *Id.* The workers' compensation judge did not award sanctions. We find no error in this decision.

Winn Dixie request damages for a frivolous appeal under La.Code Civ.P. art. 2164. This provision is penal in nature and must be strictly construed. *Pratt v. Louisiana State Medial Center* in *Shreveport,* 41,971 (La.App. 2 Cir. 2/28/07), 953 So.2d 876, 881. "An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing." *Id.* at. 880. Moreover, appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. *Id.* Although Ms. Capdeville did not prevail at the hearing level or on appeal, we decline to award damages for a frivolous appeal.

**DECREE**

Based on the foregoing review of the record, we affirm the decision of the workers' compensation judge. All costs of this appeal are assessed to Debra Capdeville.

**AFFIRMED**.