STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1057


CAJUNDOME COMMISSION

VERSUS

CARL MECHE,
DIRECTOR SALES TAX, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-3801
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.


Gary McGoffin
Ryan M. Goudelocke
Durio, McGoffin, Stagg & Ackerman
P. O. Box 51308
Lafayette, LA 70505-1308
(337) 233-0300
Counsel for Plaintiff/Appellant:
     Cajundome Commission

Robert R. Rainer
Drew M. Talbot
Rainer, Anding & McLindon
8480 Bluebonnet Boulevard, Suite D
Baton Rouge, LA 70810
(225) 766-0200
Counsel for Defendants/Appellees:
     Cynthia Bridges
     Carl Meche, Director Sales Tax Division, LPSB

**DECUIR, Judge.**

The Cajundome Commission (Commission) appeals a grant of partial summary judgment and writ of mandamus ordering it to collect and remit sales tax to the Lafayette Parish School Board (Board) and the State Department of Revenue (Department).

## FACTS

The Cajundome is a public facility, a joint venture of the University of Louisiana at Lafayette and the City of Lafayette. It is governed by a five-member Commission which promotes and hosts a variety of events at which it sells food, beverages, and other merchandise.

For the first time since it opened in 1985, the Commission was jointly audited by the Department and the Board for the period January 1, 2004 to June 30, 2007. The audit revealed that, though registered as a dealer with both the Department and the Board, the Commission did not collect nor remit sales tax on its sales of taxable items. Prior to 2004, the Commission contracted with outside vendors for the sales of catering service and merchandise, who were in turn responsible for collecting and remitting the sales tax. During 2004, the Commission purchased the assets of one of these vendors, Artisan Creative Catering, Inc. (Artisan).

While the audit was pending, the Commission filed a Petition for Declaratory Judgment averring that it was not a "person" or "dealer" under the sales tax statutes and, therefore, not required to collect or pay sales tax. Artisan was included as a party plaintiff. The Department reconvened for the delinquent tax, interest, penalties and attorney fees, and the Department and Board filed a Joint Motion for Partial Summary Judgment directed to the principal demand alone. Prior to hearing, the Department and Board filed a Joint Petition for Writ of Mandamus ordering the Commission to begin collecting and remitting the sales tax on all taxable transactions.

The writ of mandamus was granted, and the Commission filed a supervisory writ to this court which denied the writ.

Subsequently, the district court granted the motion for partial summary judgment declaring the Commission to be legally obligated to charge, collect, and remit sales taxes to the defendants. The Commission lodged this appeal alleging the district court erred in granting the writ of mandamus and granting partial summary judgment. The Department and Board answered seeking damages for frivolous appeal.

## PARTIAL SUMMARY JUDGMENT

The Commission contends the trial court erred in granting the Defendants' Motion for Partial Summary Judgment. An appellate court reviews summary judgments *de novo*, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

In this case, we are called upon to decide a dispute between the parties over the interpretation of the sales and use tax statute. Specifically, we must decide whether the Commission has a duty under the statute to collect and remit sales and use taxes to the Department and Board.

The interpretation of a statutory provision starts with the language of the provision itself. *Sabine Parish Police Jury v. Comm'r of Alcohol & Tobacco Control*, 04-1833 (La. 4/12/05), 898 So.2d 1244. "When the language of the law is susceptible

2

of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole." La.Civ. Code arts. 10 and 12; *Sabine*, 04-1833 at p. 9, 898 So.2d at 1250. "However, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of legislative intent." La.Civ. Code art. 9; *Sabine*, 04-1833 at p. 9, 898 So.2d at 1250. This principle applies to tax statutes. *Cleco Evangeline, LLC v. Louisiana Tax Commission,* (La. 4/3/02), 813 So.2d 351; *Tarver v. E.I. Du Pont De Nemours and Co.*, 93-1005, p. 3 (La. 3/24/94), 634 So.2d 356, 358.

Sales tax law requires that a "dealer" collect the sales tax owed by the consumer and to remit it to the appropriate levying body. La.R.S. 47:304 and La.R.S. 47:337.17. Louisiana Revised Statutes 47:301(4) provides in pertinent part:

> "Dealer" includes every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction." "Dealer" is further defined to mean:
>
> . . . .
>
> (b) Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the taxing jurisdiction, tangible personal property as defined herein.

As noted above, the Commission is registered as a dealer with both the Department and Board. Nevertheless, it contends that it is not a "dealer" because it is not a "person" under sales tax law, and by definition a "dealer" is a "person".

Louisiana Revised Statutes 47:301(8) provides in pertinent part:

> (8)(a) "Person", except as provided in Subparagraph (c), includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political

3

subdivision thereof or any board, agency, instrumentality, or other group or combination acting as a unit, and the plural as well as the singular number.

. . . .

(c)(i) For purposes of the payment of the state sales and use tax and the sales and use tax levied by any political subdivision, "person" shall not include this state, any parish, city and parish, municipality, district, or other political subdivision thereof, or any agency, board, commission, or instrumentality of this state or its political subdivisions.

The Commission, relying on La.R.S. 47:301(8)(c)(i), contends that by definition it is not a person. The Department and Board respond that the Commission is a person as defined in La.R.S. 47:301(8)(a). We find that under the plain language of the statute the Commission is a person for all purposes under the sales and use tax statutes except for the payment of sales and use taxes on its purchases. Accordingly, we find the Commission is also a "dealer" to the extent that a "dealer" is required to collect and remit sales and use tax.

The Commission argues that there is no difference between the payment of taxes and the collection and remittance of taxes. We disagree.

Laws on the same subject matter must be interpreted in reference to each other. La.Civ.Code art. 13. The Louisiana Supreme Court has followed the logic of collectively interpreting statutes that deal with the same subject. *First Nat. Bank v. City of New Orleans*, 555 So.2d 1345 (La.1990). A statutory provision should be construed with the remaining portions of the statute, but more importantly, all statutes on the same subject matter should be read together and interpreted as a whole. *Id.*, *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398 (La.1980).

While there is no statutory definition of these terms, the entire sales and use tax statutory scheme is based on the payment, collection, and remittance of the taxes. Despite instances where the language is used interchangeably, the overwhelming

4

weight of the statutory usage indicates that they are separate and distinct functions. Were we to accept the Commission's argument, it would render the distinction between La.R.S. 47:301(8)(a) and La.R.S.47:301(8)(c) meaningless and confuse the obligations of the dealer and consumer throughout the statute. Clearly, "[t]he seller's [dealer's] obligation to remit the taxes is separate from the purchaser's obligation to pay the tax." *AWC, Inc. v. CSF Const., Inc.* 05-865, p. 2 (La.App. 4 Cir. 4/26/06), 931 So.2d 382, 384; *See also Traigle v. Fairgrounds Corp.* 288 So.2d 409 (La.App. 4 Cir. 1974). The dealer is liable for payment of the tax only if he fails to charge, collect, and remit the tax. La.R.S. 47:304E; La.R.S. 47:337.17C and E; *Baton Rouge Press, Inc. v. Andries*, 03-808 (La.App. 3 Cir. 2/4/04), 865 So.2d 950, *writ denied*, 04-592 (La. 6/4/04), 876 So.2d 91.

Accordingly, we find the exclusion in La.R.S. 47:301(8)(c) is only applicable to the payment of sales and use taxes. The Commission is required to collect and remit the sales and use tax to the Department and Board. We note that the trial court's ruling granting partial summary judgment very tightly frames the question before this court by enumerating and preserving the remaining issues for trial on the merits. Therefore, this opinion specifically does not reach the question of whether the Commission failed to collect and remit sales and use taxes in the past or whether it is required to pay any tax it may have failed to remit. Moreover, this opinion does not reach the question of which, if any, of the specific goods or services offered by the Commission, or any other entity which might be construed to be a "person" under the statute, are subject to the sales and use tax.

**WRIT OF MANDAMUS**

The Commission alleges the district court erred in issuing the writ of mandamus ordering it to collect and remit the sales tax. We disagree.

In denying the Commission's application for a supervisory writ on this issue, we noted that the Commission's own arguments provided support for the issuance of the writ of mandamus. Moreover, the open question regarding its liability for payment of uncollected taxes, and the impracticality or impossibility of collecting from consumers in the future should they fail to collect taxes at the time of purchase, both support our previous conclusion that there is no other viable relief by ordinary means available to the Department and Board. Accordingly, we affirm the trial court's issuance of the writ of mandamus in this case.

## FRIVOLOUS APPEAL

The appellate court may award damages for a frivolous appeal. La.Code Civ.P. art. 2164. "This provision is penal in nature and is to be strictly construed." *Capdeville v. Winn Dixie Store #1473*, 07-1425 (La.App. 3 Cir. 4/9/08), 981 So.2d 121, 125. "An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advancing." *Id.* at 125. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. *Id.*

Our review of this record does not show that this appeal was taken solely for delay or that the Commission did not seriously believe it was entitled to relief. An award of damages for frivolous appeal is not warranted.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**