TERRI F. LOVE, Judge.
 

 | ,This appeal arises from the granting of a summary judgment regarding a workers’ compensation matter. Summary judgment was granted in favor of Maximum Group Behavioral Health Services, Inc. and Andrea Hunter’s motion for summary
 
 *737
 
 judgment was denied. Maximum’s cross-claim for sanctions was also denied. For the following reasons, we find that no genuine issues of material fact exist as to Ms. Hunter’s entitlement to judicial interest, attorney’s fees, or sanctions for a frivolous appeal. Therefore, the workers’ compensation judge did not err and we affirm.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Andrea Hunter filed a disputed claim for compensation seeking indemnity, medical benefits, statutory penalties, and attorney’s fees under La. R.S. 23:1201(F) after suffering a lower-back injury while working for Maximum Group Behavioral Health Services, Inc. (“Maximum”) in August 2007. Ms. Hunter was later diagnosed with tuberculosis, believed to be contracted while working for Maximum, and filed a second disputed claim for compensation seeking indemnity, medical benefits, statutory penalties, and attorney’s fees under La. R.S. 23:1201(F). The parties agreed to a settlement that was judicially approved on IgAugust 20, 2009. The settlement provided that Maximum would pay $7,521.37 to Ms. Hunter and $1,797.63 to Ochsner Clinic (“Ochsner”) to reimburse Medicare and Medicaid for payments. Ms. Hunter’s check for $7,521.37 was delivered to her on September 10, 2009, and Oehs-ner’s check for $1,797.63 was sent on or about September 14, 2009.
 

 Ms. Hunter filed another disputed claim for compensation in October 2009, seeking judicial interest, penalties, and attorney’s fees under La. R.S. 23:1201(G) and cost reimbursement. Maximum moved for summary judgment to dismiss Ms. Hunter’s claim on the basis that judicial interest was not due and that Ms. Hunter was not entitled to penalties or attorney’s fees. Maximum also filed a cross-claim, requesting the court to sanction Ms. Hunter under La. C.C.P. art. 863 alleging that her demand was without reasonable basis in either fact or law. Ms. Hunter filed a cross-motion for summary judgment, seeking judicial interest under La. R.S. 23:1201.3. Specifically, Ms. Hunter asked for $41.11 in interest on the check to her because of a 21-day delay in payment and $11.70 in interest on the check to Ochsner because of a 25-day delay in payment. Ms. Hunter also sought a $3,000 penalty and attorney’s fees under La. R.S. 23:1201(G) and $37.29 for reimbursement costs under La. R.S. 23:1310.9.
 

 On March 8, 2010, the workers’ compensation judge granted Maximum’s motion for summary judgment and dismissed Ms. Hunter’s suit with prejudice. Ms. Hunter’s cross-motion for summary judgment and Maximum’s cross-claim for sanctions were denied. It is from this judgment that Ms. Hunter appeals.
 

 STANDARD OF REVIEW
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the | Saffidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Summary judgment is favored and shall be construed “to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2).
 

 “Appellate courts review summary judgments
 
 de novo
 
 ” under “the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.”
 
 Champagne v. Ward,
 
 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the initial burden of proof to show that no genuine issue of material fact exists.
 
 Id.
 
 However, if the mover will not bear the burden of proof at
 
 *738
 
 trial, he need not “negate all essential elements of the adverse party’s claim,” but he must point out “that there is an absence of factual support for one or more elements essential” to the claim. La. C.C.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party “to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden” at trial. La. C.C.P. art. 966(C)(2).
 

 JUDICIAL INTEREST
 

 Ms. Hunter asserts that Maximum was required, under La. R.S. 23:1201.3(A), to include judicial interest for the time period between when the settlement was judicially approved and when the payments were received. La. R.S. 23:1201.3(A) provides:
 

 If payment of compensation or an installment payment of compensation due under the terms of an award, except in case of appeals from an award, is not made within ten days after the same is due by the employer or insurance carrier liable therefore, the workers’ compensation judge may order a certified copy of the award to be filed in the office of the clerk of court of any parish, which award whether accumulative or lump sum, when recorded in the mortgage records, shall be a judicial mortgage as | provided in Civil Code Article 3299. Any compensation awarded and all payments thereof directed to be made by order of the workers’ compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction. The interest rate shall be fixed at the rate in effect of the date the claim for benefits was filed with the office of workers’ compensation administration.
 

 Ms. Hunter contends that the payment was due on August 20, 2009, the day the settlement agreement was judicially approved. She avers that judicial interest began on that day and continued until the day she and Ochsner received the payments. Ms. Hunter is correct that “legal interest on a contract commences from the date the contracted debt is due and in the present workers’ compensation case, from the date the judgment was signed approving the settlement between the parties.”
 
 Capdeville v. Winn Dixie Store
 
 #
 
 1473,
 
 07-1425, p. 4 (La.App. 3 Cir. 4/9/08), 981 So.2d 121, 125.
 

 However, the settlement agreement in this case does not indicate that the parties anticipated that the payment be rendered the day the settlement agreement was signed. The settlement agreement also lacks any indication that the payments were to include interest. “When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” LSA-C.C. art. 2046. If “doubt arises from lack of a necessary explanation” in a contract “that one party should have given, or from negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party whether obligee or obli-gor.” LSA-C.C. art. 2057. Ms. Hunter’s failure to expressly state that interest was to be included in the payments results in the settlement agreement being interpreted in favor of Maximus.
 

 In
 
 Capdeville,
 
 the court denied the plaintiffs claim for interest owed on [¡¡payments after determining that the parties had agreed the amount would not include interest. 07-1425, p. 4, 981 So.2d at 125. The court found that “[t]he settlement agreement, when examined as a whole, by fair implication, evidence[d] an intent by the parties to forego the interest that ordinarily attaches once a settlement agreement is reduced to judgment.”
 
 Id.
 

 
 *739
 
 The settlement agreement in the case
 
 sub judice
 
 provides that Maximum would pay a “total sum” of $9,319.00. Of that amount, $7,521.37 would be paid to Ms. Hunter and $1,797.63 to Ochsner. The language in the agreement specifically states that Ms. Hunter is releasing Maximum from future claims “[f]or the sole and exclusive consideration of ... $9,319.00.” Interest on the payments is not mentioned in the agreement.
 

 Ms. Hunter also claims entitlement to a statutory penalty and attorney’s fees under La. R.S. 23:1201(G), which provides:
 

 If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
 

 Ms. Hunter contends that the judgment was not paid because the amount did not include judicial interest. Because Maximum was not required to pay judicial interest on the amount agreed to in the settlement, the judgment was paid in full within thirty days of becoming due.
 

 \ «FRIVOLOUS APPEAL
 

 Maximum argues that this Court should impose sanctions on Ms. Hunter for filing a frivolous appeal.
 

 “Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact or law.”
 
 Johnson v. Johnson,
 
 08-0060, p. 5 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, 801. Appellate courts “shall render any judgment which is just, legal, and proper upon the record on appeal” and “may award damages, including attorney fees, for frivolous appeal....” La. C.C.P. art. 2164. The statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature.
 
 Levy v. Levy,
 
 02-0279, pp. 17-18 (LaApp. 4 Cir. 10/2/02), 829 So.2d 640, 650.
 

 Frivolous appeal damages will be awarded if the appellant is trying to “delay the action” or “if the appealing counsel does not seriously believe the law he or she advocates.”
 
 Hester v. Hester,
 
 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46. An appeal may also be deemed frivolous if it does not present a “substantial legal question.”
 
 Tillmon v. Thrasher Waterproofing,
 
 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. “Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted” due in part to the possible chilling effect on the appellate process.
 
 Tillmon,
 
 00-0395, p. 8, 786 So.2d at 137.
 

 There is no indication that Ms. Hunter’s counsel filed this appeal to delay the action. Counsel submitted an appellate brief that advocated certain statutory interpretations and contained citations to authority that supported her position. The record does not reflect that the appeal is unquestionably frivolous.
 

 \ DECREE
 

 After a thorough review of the record, we find that Ms. Hunter failed to show any
 
 *740
 
 genuine issue as to material fact to overcome Maximum’s motion for summary judgment and affirm. Maximum’s request for frivolous appeal sanctions is denied.
 

 AFFIRMED