| | | |
|---|---|---|
| **CHRISTOPHER J. BRUNO** | * | **NO. 2020-CA-0515** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **JENNIFER M. MEDLEY, INDIVIDUALLY AND "JENNIFER M. MEDLEY CAMPAIGN FUND"** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

*DNA*

**ATKINS, J., CONCURS IN THE RESULT WITH REASONS**

I concur with the majority's decision to affirm the trial court's judgment granting the preliminary injunction. After review of the record, I do not consider this appeal to be frivolous. Accordingly, I find that Judge Bruno's request for frivolous appeal damages under La. C.C.P. art. 2164 should be denied.

Recently, in *Ellison v. Romero*, 2020-0376, p. 13 (La. App. 4 Cir. 8/11/20), ___ So.3d ___, 2020 WL 4592805 at *7, *writ denied*, 2020-01000 (La. 8/17/20), 300 So.3d 875, this Court articulated that "[o]ur jurisprudence reflects that damages for a frivolous appeal may be awarded 'if the appellant is trying to delay the action or if the appealing counsel does not seriously believe the law he or she advocates.'" (quoting *Hunter v. Maximum Grp. Behavioral Servs., Inc.*, 2010-0930, p. 6 (La. App. 4 Cir. 3/16/11), 61 So.3d 735, 739 (internal citation omitted)).

This Court went on to state that "[o]ur jurisprudence also reflects that 'appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted' due in part to the possible chilling effect on the appellate process." *Id.* (quoting *Johnson v. Johnson*, 2008-0060, pp. 5-6 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801 (internal citation omitted)). "Likewise, because the statute allowing the imposition of damages for frivolous appeal is penal in nature, it 'must be strictly construed in favor of the appellant.'" *Id.*, 2020-0376, p.

1

14, ___ So.3d ___, 2020 WL 4592805 at *7 (quoting *Hunter*, 2010-0930, p. 6, 61 So.3d at 739).

Accordingly, "[e]ven when an appeal lacks serious legal merit, frivolous appeal damages will not be awarded unless the appeal was taken solely for the purpose of delay or the appellant's counsel is not serious in the position he advances." *Miralda v. Gonzalez*, 2014-0888, p. 33 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1019 (citing *Dugas v. Thompson*, 2011-0178, p. 15 (La. App. 4 Cir. 6/29/11), 71 So.3d 1059, 1068 (internal citation omitted); *see also Hardy v. Easy T.V. and Appliances of Louisiana, Inc.*, 2001-0025, p. 9 (La. App. 4 Cir. 12/12/01), 804 So.2d 777, 782; *Sherman for and on Behalf of Magee v. B & G Crane Service*, 455 So.2d 1275, 1278 (La. App. 4th Cir.1984).

Therefore, "[a]ny doubt regarding whether an appeal is frivolous must be resolved in the appellant's favor." *Streiffer v. Deltatech Constr., LLC*, 2019-0990, p. 17 (La. App. 4 Cir. 3/25/20), 294 So.3d 564, 578 (citing *City of Ruston v. Perritt*, 30,896, p. 13 (La. App. 2 Cir. 9/23/98), 718 So.2d 1044, 1052); *see also Troth Corp. v. Deutsch, Kerrigan & Stiles, L.L.P.*, 2006-0457, p. 5 (La. App. 4 Cir. 1/24/07), 951 So.2d 1162, 1166.

Given that Medley asked for expedited consideration of her appeal, it cannot be said that this appeal was taken to cause delay. Additionally, the record does not support a finding that Medley's counsel is not serious in the position Medley advances. Although we have determined that Medley's positions in this appeal are ultimately incorrect, in applying the foregoing principles, I cannot say that Medley's appeal is frivolous. Accordingly, Judge Bruno's request for frivolous appeal damages is denied.