JzSHORTESS, Judge.
Phillips Connell Witter (plaintiff) and Joan Wegman Witter (defendant) have been involved in what plaintiffs counsel terms “protracted, heated litigation” for some time. After she and plaintiff were divorced, defendant married Russell L. Dornier (Dormer). Dor-nier, an attorney, filed on defendant’s behalf a rule to have plaintiff held in constructive contempt. The basis for the contempt rule was defendant’s failure to pay a note executed as part of the property settlement between plaintiff and defendant. That agreement had been homologated and made a part of a consent judgment.
After the trial court denied the contempt rule, plaintiff filed a motion under Louisiana Code of Civil Procedure article 863 seeking sanctions against defendant and Dornier. The trial court denied the motion as to defendant but granted it as to Dornier, casting Dormer in judgment for $4,551.25 in attorney fees. Dornier- appeals.
The only issue before this court is whether the trial court was manifestly erroneous in imposing article 863 sanctions on Dormer. Article 863(B) provides:
Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in *1053 fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
Our courts have given us considerable guidance on when article 863 sanctions should be imposed. In Penton v. Clarkson, 93-0657 (La.App. 1st Cir. 3/11/94), 633 So.2d 918, this court stated:
LSA-C.C.P. art. 863 is not to be used simply because parties disagree as to the correct resolujtiong of a matter in litigation. Advocating new or novel legal theories does not trigger a sanction award under article 863. Responsible, albeit adventuresome, lawyers must not be sanctioned in those circumstances, especially when they advise the court of existing law and their considered decision to seek its modification or reversal. Article 863 seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law.
633 So.2d at 924-925 (Citations omitted.) Article 863 does not empower a district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. First American Bank & Trust v. First Guar. Bank, 615 So.2d 1060, 1063 (La.App. 1st Cir.1993); Murphy v. Boeing Petroleum Servs., 600 So.2d 823, 827 (La.App. 3d Cir.1992). The article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. First American Bank, 615 So.2d at 1063; Matter of Succession of Thomas, 602 So.2d 1108, 1111 (La.App. 1st Cir.1992).
The trial court’s oral reasons for granting the sanctions were as follows:
The court dismissed that contempt citation. I felt that debtor’s prison had been certainly abolished over two hundred years ago, and I did not think that the court could even consider finding him in contempt of court for not paying installments on the note....
... The pleading for contempt was not supported by facts or by the law. That’s what I found at the hearing on the contempt. Frankly, I do not believe that the pleadings for contempt were well grounded in fact nor warranted by any existing law. I think that sanctions certainly are applicable against the attorney who signed those pleadings seeking a contempt citation because a person did not make an annual payment under a note.
Dormer contended on the contempt rule that payment of the note was an order of the court because it was incorporated into the judgment homologating the settlement agreement. He further contended that this was a judgment “other than a money | ¿judgment” which would entitle defendant to relief under Code of Civil Procedure article 2502. That article specifically provides for a contempt order as a remedy for failure to comply with a judgment “to do ... an act.”
Dornier further argued, in the alternative, that since Louisiana Revised Statute 13:4206 provides that failure to pay a money judgment is not contempt “if it appears that the failure to obey is due to inability to comply with the order or judgment which inability existed when the order or judgment was rendered,” conversely, failure to pay when the debtor has the ability to pay is contempt.
The trial court obviously did not agree with these arguments or find them meritorious, but that is not the test to determine whether to impose article 863 sanctions. The test is not whether the court finds the arguments had merit, but whether there was the slightest justification for them.
While making no finding on the merit of those arguments, we find they were legally justified. For this reason, the trial court was clearly wrong in imposing sanctions under article 863. Thus, we reverse the judgment of the trial court and render judgment dismissing plaintiffs motion for sanctions, at plaintiffs cost.
REVERSED AND RENDERED.