HIGGINBOTHAM, J„
dissenting.
1,1 respectfully dissent from the majority, because I find that Slaughter’s initial motion to recuse was timely and not frivolous; and therefore, the trial court had no basis to impose sanctions against Slaughter. Although the trial court had issued oral reasons for judgment on the suit for past due wages, the written judgment was not signed prior to the filing of Slaughter’s motion to recuse Judge Kelley. I disagree with the majority’s distinction of the facts in this case from those in Radcliffe 10, L.L.C. v. Zip Tube Systems of Louisiana, 06-0128 (La.11/3/06), 942 So.2d 1071, 1075. I find the majority’s reasoning on the timeliness of the motion to be contrary to the intent of LSA-C.C.P. art. 154, which requires the party to file a written motion immediately after the discovery of the *477 facts alleged to constitute grounds for re-cusation and prior to judgment. Slaughter’s grounds for recusation were not fully-discovered until the end of the trial on the merits of the past due wages claim. Slaughter immediately filed the motion to recuse prior to the signing of the -written judgment as required by Article 154. Thus, the motion was timely.
Furthermore, Judge Fields heard Slaughter’s motion to recuse and necessarily found it was timely when he denied the motion. Thus, I believe the majority erred in relying on Judge Kelley’s independent determination on the ^motion for sanctions that Slaughter’s motion to recuse was untimely. Judge Fields’ ruling on the motion to recuse is not before us in this appeal. The only issue in this appeal is whether the trial court was manifestly erroneous in imposing sanctions against Slaughter pursuant to LSA-C.C.P. art. 868. It is well-settled that Article 863 sanctions are not to be used simply because parties disagree as to the correct resolution of a matter in litigation. Witter v. Witter, 94-0378 (La.App. 1st Cir.12/22/94), 648 So.2d 1052, 1053. In Witter, we stated:
Article 863 does not empower a district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. The article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. (Citations omitted; emphasis added.)
Witter, 648 So.2d at 1053. See also Tubbs v. Tubbs, 96-2095 (La.App. 1st Cir.9/19/97), 700 So.2d 941, 945.
The trial court obviously did not agree with Slaughter’s argument on the motion to recuse, and Judge Fields did not find Slaughter’s motion to be meritorious, but that is not the test to determine whether to impose Article 863 sanctions. The test is not whether the trial court finds the arguments had merit, but whether there was the slightest justification for them. Witter, 648 So.2d at 1053. .While making no finding on the merit of Slaughter’s motion to recuse, I conclude that Slaughter was legally justified in filing the motion. For this reason, the trial court was clearly wrong in imposing sanctions under Article 863.
Accordingly, I respectfully dissent from the majority and would reverse the judgment of the trial court and render judgment dismissing the Board’s motion for sanctions.