HOLDRIDGE, J.
Heather Leigh Berthelot appeals a judgment rendered in favor of Jeffrey[1] Mikal Berthelot on May 22, 2017. For the reasons that follow, we affirm in part and reverse in part.
FACTUAL AND PROCEDURAL HISTORY
A companion case, Berthelot v. Berthelot, 2017-1055 (La. App. 1 Cir. 7/18/18), 254 So.3d 800, 2018 WL 3470591, also rendered by this court, contains a thorough recitation of the factual and procedural background of the parties' litigation.
*732 Heather and Jeffrey were married on July 10, 1999, and two children were bom of the marriage. On July 14, 2010, Jeffrey filed a petition for divorce. Heather filed a petition for partition of community property on November 3, 2014. On April 17, 2015, the parties entered into a stipulated judgment, granting Jeffrey use of the 2007 Ford F-250 Super Duty King Ranch truck (truck) until the community property partition. The truck was titled in the name of both parties.[2] A trial was held on November 3, 2016, on the parties' partition of community property and reimbursement claims, and the trial court awarded Jeffrey the truck valued at $9,000.00. The trial court signed a judgment in accordance with its ruling on January 31, 2017. Heather filed a Motion for New Trial that was denied by the trial court on April 4, 2017.
Incidental to the parties' divorce and community property partition, several disputes arose between the parties regarding the disposition of the truck. On March 24, 2017, Heather filed a Petition for Rule Nisi for Contempt related to Jeffrey's disposal of the truck. In the petition, Heather argued that Jeffrey obtained a new title for the truck issued only in his name then traded in the truck at Bill Hood Automotive, alienating the community property asset without her consent and before the community property partition was final. Specifically, she argued that Jeffrey disposed of the truck before the appeal delays had run for the Motion for New Trial she filed on February 13, 2017. Therefore, she argued that Jeffrey was in contempt of court for alienating a community asset in violation of a previous trial court judgment containing an injunction preventing him from doing so prior to the community property partition being final.
In response to Heather's petition, Jeffrey answered seeking sanctions against Heather's counsel for filing the Rule for Contempt with an intent to unnecessarily delay, harass, and increase the cost of litigation pursuant to La. C.C.P. art. 863. Jeffrey argued that Heather's counsel violated La. C.C.P. art. 863(B)(1) in that she continued to file pleadings for a truck that Heather testified that she did not want. Jeffrey further argued that the continuous filings regarding the disposal of the truck were disingenuous because Heather's counsel manipulated the facts to make it appear that Jeffrey's actions impaired Heather.
After a hearing on April 24, 2017, the trial court denied Heather's Rule for Contempt and sanctioned her counsel pursuant to La. C.C.P. art. 863(B), ordering her attorney to pay Jeffrey the sum of $1,000.00. The trial court signed a judgment in accordance with its ruling on May 22, 2017. Heather subsequently appealed assigning as error: (1) that the trial court erred in failing to hold Jeffrey in contempt of court for his actions in transferring ownership of the truck prior to the time community property partition was final; (2) that the trial court erred in finding that a party was required to request a stay of proceedings in order for a judgment not to be considered a final judgment while a *733 Motion for New Trial was pending; and (3) that the trial court erred in assessing sanctions against Heather's counsel in the instant matter.
DISCUSSION
In Heather's first assignment of error, she argues that Jeffrey should be held in contempt of court because he alienated a community asset after the trial court rendered a judgment separating the community property, but before the trial court ruled on Heather's timely filed Motion for New Trial. We find that while there is a technical argument to be made that Jeffrey should not have alienated the community property without the consent of Heather until after the community property partition judgment was final, the actions of Jeffrey do not warrant a finding of contempt of court.
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. See La. C.C.P. art. 221. Contempt of court are of two kinds, direct and constructive. Direct contempt is committed in the presence of the Court, and constructive contempt is committed outside of the presence of the Court. DeGruy v. DeGruy, 98-1416 (La. App. 4 Cir. 1/27/99), 728 So.2d 914, 919. Contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Brunet v. Magnolia Quarterboats, Inc., 97-187 (La. App. 5 Cir. 3/11/98), 711 So.2d 308, 313, writ denied, 98-0990 (La. 5/29/98), 720 So.2d 343.
Louisiana Code of Civil Procedure article 224(2) defines constructive contempt of court as the "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court[.]" To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. Lang v. Asten, Inc., 2005-1119 (La. 1/13/06), 918 So.2d 453, 454. A trial court is vested with great discretion in determining whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. article 224 for willful disobedience of a court order. South East Auto Dealers Rental Ass'n, Inc., v. EZ Rent To Own, Inc., 2009-0011 (La. App. 4 Cir. 6/30/10), 42 So.3d 1094, 1099, writ denied, 2010-1810 (La. 10/29/10), 48 So.3d 1093.
Heather argues that Jeffrey is in contempt of court because he transferred ownership of the truck to Bill Hood Automotive before the time delays had expired for the community property partition judgment. Heather argues that Jeffrey's actions denied her the use of the truck "during the pendency of the property partition appeal ... [and] his actions placed the [truck] beyond the reach of the courts should the award of the [truck] be reversed by the appellate courts." Thus, Heather argues that Jeffrey trading in the truck before the time delays had expired for her Motion for New Trial was a willful disobedience of the law.
The record reveals that Heather did not want the truck and had her own vehicle. In its oral reasons, the trial court stated that it did not believe that a rule for contempt was "the appropriate remedy based upon what [Heather was] complaining about." We agree with the trial court's determination that found that Jeffrey did not violate the trial court judgment intentionally and no damages were sustained by Heather as a result of the truck being traded in to Bill Hood Automotive. Therefore, we find that the trial court did not abuse its discretion *734 in denying Heather's rule for contempt. This assignment of error has no merit.[3]
In Heather's third assignment of error, she argues that the trial court erred in imposing sanctions on her counsel in the sum of $1,000.00 pursuant to La. C.C.P. art. 863. Heather argues that her counsel filed the Petition for Rule Nisi for Contempt to bring to the attention of the trial court that Jeffrey had violated a ruling of the court. Heather further argues that to impose sanctions, a trial court must find one of the affirmative duties imposed by La. C.C.P. art. 863 has been violated and that there was no evidence that the actions of Heather's counsel violated the obligations imposed under this article.
Louisiana Code of Civil Procedure article 863 provides in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. (4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
Louisiana Code of Civil Procedure article 863 imposes an obligation on litigants and their attorneys to make an objectively reasonable inquiry into the facts and law; subjective good faith does not satisfy this duty of reasonable inquiry. Connelly v. Lee, 96-1213 (La. App. 1 Cir. 5/9/97), 699 So.2d 411, 414, writ denied, 97-2825 (La. 1/30/98), 709 So.2d 710. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Stroscher v. Stroscher, 2001-2769 (La. App. 1 Cir. 2/14/03), 845 So.2d 518, 526. Once the trial court finds a violation of La. C.C.P. art. 863 and imposes sanctions, the *735 determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Id.
In the trial court's oral reasons, it stated in pertinent part:
This matter has come before the court multiple times on this truck issue[.] ... However, as it relates to the Rule for Contempt, I don't believe that that is the appropriate remedy based upon what Ms. Berthelot is complaining about. And, Ms. Barrios, as her counsel, you should know that. The Motion for New Trial, [you filed] yes, that's [a] proper procedural device. Filing an appeal, that's a proper procedural device. What Rule for ... what contemptuous behavior Mr. Berthelot exhibited based upon following the court's ruling, I don't quite understand. Therefore, I am going to grant sanctions against Ms. Barrios[.]
It appears from the trial court's oral reasons that the trial court imposed sanctions on Heather's counsel for filing the Rule for Contempt on behalf of her client, which the trial court believed to be the incorrect remedy.
Louisiana Code of Civil Procedure article 863 imposes an obligation on litigants and their attorneys to make an objectively reasonable inquiry into the facts and law; subjective good faith will not satisfy this duty of reasonable inquiry. Louisiana Code of Civil Procedure article 863 does not empower a trial court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. This article is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Tubbs v. Tubbs, 96-2095 (La. App. 1 Cir. 9/19/97), 700 So.2d 941, 945. The test to determine whether to impose sanctions is not whether the trial court finds the arguments have merit, but whether there was the slightest justification for them. Id. Accordingly, we find that although the trial court did not agree with the argument made by Heather's counsel or find it meritorious, this is not the test to determine whether or not to impose sanctions in accordance with La. C.C.P. art. 863. Id. While we make no finding on the merits of those arguments, we find they were legally justified. For this reason and in light of the language mandated by La. C.C.P. art. 863 regarding sanctions, we find that the trial court abused its discretion in imposing sanctions on Heather's counsel in the sum of $1,000.00. See Id. Thus, we reverse in part the judgment of the trial court.
CONCLUSION
For the foregoing reasons, the judgment of the trial court imposing sanctions against Heather Leigh Berthelot's counsel in the sum of $1,000.00 is reversed in part. The judgment of the trial court is affirmed in part in regard to the claims for contempt of court. Costs of this appeal are assessed evenly between the parties.
AFFIRMED IN PART AND REVERSED IN PART.

We use the spelling set forth in the parties' petition, but note that during these proceedings the parties have also used the spelling "Jeffery."

Although the appellate record before us does not contain the transcript of the hearing on April 24, 2017, the transcript is included in the appellate record in 2017CA1055. Pursuant to the provision of Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14 that "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ[,]" we have reviewed the transcript included in the appellate record in 2017CA1055 that is necessary to adequately review the issues raised in this appeal. See Browne v. State ex rel. Dep't of Transp. & Development, 2015-0668 (La. App. 1 Cir. 2/4/16), 2016 WL 483228, p.1 n.2, writ denied. 2016-0442 (La. 4/22/16), 191 So.3d 1044.

We pretermit discussion of Heather's second assignments of error in light of our discussion of Heather's first assignment of error.