# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2021 CA 0433

## CRAIG STEPHEN DOUGHERTY

### VERSUS

## SHIRENE RHAJAH DOUGHERTY

Judgment rendered: **MAR 2 9 2022**

\* \* \* \* \*

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2016-14375

The Honorable Dawn Amacker, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Jeffrey Walter Bennett<br>River Ridge, Louisiana<br>Andrew Tillman Lilly<br>New Orleans, Louisiana | Attorneys for Plaintiff/Appellant<br>Craig Stephen Dougherty |
| Georgia Kobos Thomas<br>Rebecca Gilson<br>Hammond, Louisiana | Attorneys for Defendant/Appellee<br>Shirene Rhajah Dougherty |

\* \* \* \* \*

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

Chutz J., concurs.

**HOLDRIDGE, J.**

This appeal concerns a post-nuptial agreement to terminate the legal regime, the denial of a motion for new trial as to a consent judgment concerning the partition of community property, and the imposition of sanctions pursuant to La. C.C.P. art. 863 as a consequence for the filing of the motion for new trial. Finding error, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Craig Stephen Dougherty and Shirene Rhajah Dougherty were married in 2010. On October 18, 2016, Mr. Dougherty filed a petition for divorce pursuant to La. C.C. art. 102 and for incidental relief, including that the parties' community property be partitioned pursuant to La. R.S. 9:2801.

On January 11, 2017, the parties filed in the district court a "**CONSENT JUDGMENT ON SEPARATION OF PROPERTY AND POST-NUPTIAL AGREEMENT**" ("Consent Judgment"). In the Consent Judgment, the district court dismissed Mr. Dougherty's divorce petition with prejudice.[1] The parties stated that they had reconciled and wanted to terminate the legal regime and to create a separate property regime. They stated that they were judicially partitioning their community property. The parties agreed to own the family home in indivision and any improvements or amounts contributed to that property out of separate funds were to be accounted for if the property was sold. The Consent Judgment was signed by each party before a notary on December 20, 2016, and December 27, 2016. The district court signed the Consent Judgment on January 17, 2017.

Mr. Dougherty filed a second petition for divorce pursuant to La. C.C. art. 102 on May 12, 2017.[2] Ms. Dougherty responded by filing an answer and reconventional

---

[1] Ms. Dougherty had also filed a complaint for child custody and child support in Michigan, which the district court dismissed with prejudice.

[2] Mr. Dougherty was represented by new counsel when the second petition for divorce was filed.

2

demand for divorce and incidental demands on December 22, 2017. On September 4, 2018, after hearing a rule for finalization of divorce under La. C.C. art. 102, the district court signed a judgment of divorce.

On July 24, 2018, Mr. Dougherty filed a "**PETITION TO PARTITION COMMUNITY PROPERTY AND FOR SETTLEMENT OF ALL CLAIMS**" pursuant to La. R.S. 9:2801.[3] On March 14, 2019, Mr. Dougherty filed a sworn detailed descriptive list, and on August 1, 2019, he filed a rule to show cause why his sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. On December 17, 2019, the district court signed a judgment making the hearing officer recommendations a final judgment of the court; those recommendations included the dismissal with prejudice of Mr. Dougherty's rule to show cause as to his sworn detailed descriptive list.[4]

On February 21, 2020, Mr. Dougherty filed an "**ARTICLE 1972(1) MOTION FOR NEW TRIAL**," seeking a new trial as to the 2017 Consent Judgment.[5] In the motion for new trial, Mr. Dougherty alleged that the Consent Judgment was improperly approved by the district court because the property partition was not subsequent to or in conjunction with a judgment terminating the legal regime under La. R.S. 9:2802.[6] He alleged that the part of the Consent

---

[3] Although the petition refers to "Article 2801 et seq. of the Louisiana Code of Civil Procedure," it is clear Mr. Dougherty sought a partition pursuant to La. R.S. 9:2801.

[4] The hearing officer made a finding of fact that the parties had entered into a Consent Judgment on January 17, 2017, and that the only community asset left was the family home, as to which the parties had entered into a stipulation to obtain appraisals on it so Ms. Dougherty could buy out Mr. Dougherty. There is no indication from the record before us as to whether the hearing officer made any inquiry into whether the Consent Judgment was a nullity.

[5] Jeffrey Bennett once again represented Mr. Dougherty after he was substituted as counsel of record on December 30, 2019.

[6] Louisiana Revised Statutes 9:2802 states, in pertinent part, "No judgment of partition shall be rendered unless rendered in conjunction with, or subsequent to, the judgment which has the effect of terminating the matrimonial regime." The legal regime of community property is terminated by the death or a judgment of the declaration of the death of a spouse, a declaration of the nullity of the marriage, judgment of divorce or separation of property, or a matrimonial agreement that terminates the community. La. C.C. art. 2356. These events had not occurred in this case prior to the Consent Judgment.

3

Judgment terminating the legal regime did not satisfy the requirements of La. C.C. art. 2329[7] for such a matrimonial agreement, citing **Radcliffe 10, L.L.C. v. Burger**, 2016-0768 (La. 1/25/17), 219 So.3d 296, 299. Therefore, he alleged that the post-nuptial marriage contract was a nullity and could not be the basis for a judgment in conjunction with or subsequent to the property partition, making the entire Consent Judgment "without effect."

Mr. Dougherty alleged that the motion for new trial was timely under La. C.C.P. arts. 1913[8] and 1974[9] because notice of the signing of the Consent Judgment was not mailed to him, such that the delays for filing a motion for new trial did not start running. Instead, notice of the signing of the Consent Judgment was sent to Jeffrey Bennett and Ms. Dougherty's counsel on January 18, 2017. Mr. Bennett had represented Mr. Dougherty when his first petition for divorce was filed and when he signed the Consent Judgment. However, Mr. Bennett had filed a motion to withdraw as counsel on January 10, 2017.[10] The district court granted the motion to withdraw on January 17, 2017, which is the same date it signed the Consent Judgment.

---

[7] Louisiana Civil Code article 2329 states, in pertinent part, "Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules."

[8] Louisiana Code of Civil Procedure article 1913(A) states:

> Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.

Pursuant to La. C.C.P. art. 1913(D), "[t]he clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed."

[9] Under La. C.C.P. art. 1974, the delay for applying for a new trial shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment required by La. C.C.P. art. 1913.

[10] Mr. Bennett alleged in the motion to withdraw that Mr. Dougherty had sent him an email terminating him as counsel (a copy of which was attached to the motion) and that he had filed a motion to dismiss Mr. Dougherty's petition (which the district court later denied). Mr. Bennett also gave Mr. Dougherty's current mailing address in the motion to withdraw.

In opposition to the motion for new trial, Ms. Dougherty filed a "**Peremptory Exception of Prescription and No Cause of Action[.]**" Ms. Dougherty alleged that the motion for new trial was not timely filed because notice of the Consent Judgment to Mr. Dougherty was not required under La. C.C.P. art. 1913, and therefore, the time period under La. C.C.P. art. 1974 had expired and the motion for new trial was prescribed. She alleged that the motion for new trial failed to state a cause of action because the Consent Judgment was a valid agreement. Ms. Dougherty averred that the motion for new trial was not based on law, but rather was "retaliatory and filed only to needlessly increase the cost of litigation[.]" Ms. Dougherty asserted that Mr. Dougherty and his counsel should be sanctioned under La. C.C.P. arts. 863 and 864 and ordered to pay her actual attorney's fees and court costs.

The district court held a hearing on May 22, 2020, and then signed a judgment on June 16, 2020, wherein it granted Ms. Dougherty's peremptory exception raising the objection of no cause of action, denied the peremptory exception raising the objection of prescription as moot, denied Mr. Dougherty's motion for new trial, and granted the request for sanctions in part and "continued" the request in part to fix the amount of sanctions at a hearing on September 15, 2020.[11] Thereafter, on November 19, 2020, the district court issued a judgment awarding Ms. Dougherty sanctions against Mr. Dougherty in the amount of $5,500.00 as attorney's fees and $447.81 as costs incurred by Ms. Dougherty in responding to the motion for new trial.

---

[11] While Ms. Dougherty requested sanctions under both La. C.C.P. arts. 863 and 864, the district court only awarded sanctions pursuant to La. C.C.P. art. 863. Louisiana Code of Civil Procedure article 864 states, "An attorney may be subjected to appropriate disciplinary action for a wilful violation of any provision of Article 863, or for the insertion of scandalous or indecent matter in a pleading."

On December 18, 2020, Mr. Dougherty sought a devolutive appeal from the November 19, 2020 judgment and the June 16, 2020 judgment.[12] Mr. Dougherty raises three assignments of error: that the district court erred by granting Ms. Dougherty's peremptory exception raising the objection of no cause of action, abused its discretion by denying his motion for new trial, and abused its discretion in sanctioning him for filing the motion for new trial. Ms. Dougherty answered the instant appeal to seek additional attorney's fees and costs for the work "associated with this Appeal and any other Appeal in this matter[.]"

## DISCUSSION

### Answer to the Appeal

This court, *ex proprio motu*, issued a rule to show cause on the timeliness of Ms. Dougherty's answer. Louisiana Code of Civil Procedure article 2133(A) provides that an appellee "must file an answer to the appeal … not later than fifteen days after the return day or the lodging of the record whichever is later." In this appeal, the return date was March 24, 2021, the record was lodged on April 27, 2021, and the answer was not filed until June 25, 2021. Therefore, the answer was not timely filed within the fifteen-day period after the lodging of the record, which was later than the return date, and we dismiss it.[13]

### Standard of Review

The district court's discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion.

---

[12] The November 19, 2020 judgment imposing sanctions is a partial final judgment pursuant to La. C.C.P. art. 1915(A)(6), which is appealable, and the related interlocutory ruling denying the motion for new trial in the June 16, 2020 judgment may be reviewed along with it. See **Hernandez v. Excel Contractors, Inc.**, 2018-1091 (La. App. 1 Cir. 3/13/19), 275 So.3d 278, 285; **Stevens v. St. Tammany Parish Government**, 2016-0534 (La. App. 1 Cir. 1/18/17), 212 So.3d 568, 578.

[13] Ms. Dougherty, in response to the rule to show cause, alleged that her answer was timely as to a related appeal in this case from a May 13, 2021 judgment wherein the district court issued another attorney's fee award in the amount of $9,351.23, which is **Dougherty v. Dougherty**, docketed as 2021 CA 1030. Our dismissal of the answer is limited to the answer filed in this appeal.

**Guidry v. Millers Casualty Insurance Co.**, 2001-0001 (La. App. 1 Cir. 6/21/02), 822 So.2d 675, 680. A district court's determination regarding the imposition of sanctions pursuant to La. C.C.P. art. 863 is subject to the manifest error or clearly wrong standard of review. **Landry v. Landry**, 2021-0337 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356, <u>writ denied</u>, 2022-00044 (La. 3/2/22), ___ So.3d ___. Once the district court finds a violation of La. C.C.P. art. 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. **Id.**

### Motion for New Trial

Mr. Dougherty contends that the district court erred in denying his motion for new trial by granting the peremptory exception raising the objection of no cause of action. Louisiana Code of Civil Procedure article 1972(1) provides that a new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and the evidence.

We initially note that a peremptory exception raising the objection of no cause of action is not the proper pleading with which to oppose a motion for new trial. The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. **Terrebonne Parish Consolidated Government v. Louisiana Department of Natural Resources**, 2021-0486 (La. App. 1 Cir. 12/30/21), _____ So.3d ___, ____. As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. **Id.** Likewise, a peremptory exception raising the objection of prescription is not the proper pleading with which to oppose a motion for new trial. A party urging a peremptory objection raising the objection of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. **Worm v.**

**Berry Barn, LLC**, 2020-1086 (La. App. 1 Cir. 10/21/21), 322 So.3d 86, 88. Because the peremptory exceptions raising the objections of no cause of action and prescription pertain to petitions, and not to motions for new trial, they were not the appropriate procedure to use to challenge Mr. Dougherty's motion for new trial.[14]

While Ms. Dougherty and the district court erred in considering her opposition to the motion for new trial as a peremptory exception raising the objections of no cause of action and prescription, the caption of a pleading does not control. See **Armstrong v. ARCCO Company Services, Inc.**, 2021-0131 (La. App. 1 Cir. 10/18/21), 331 So.3d 939, 942. Rather, courts are obligated to look through the caption of pleadings in order to ascertain their substance. **Id**. Every pleading is to be so construed as to do substantial justice, and regardless of the parties' interpretation of the caption of a party's pleading, courts will look to the import of a pleading and will not be bound by its title. **Id**. See also La. C.C.P. art. 865. Therefore, we will consider the arguments raised in Ms. Dougherty's exceptions as an opposition to the motion for new trial.[15]

In ruling on the matter before it, the district court in its reasons for judgment stated that La. C.C.P. arts. 1913 and 1974[16] did not "apply to an uncontested case submitted by consent of the parties" and then granted the peremptory exception raising the objection of no cause of action and determined that the peremptory exception raising the objection of prescription was moot. However, the jurisprudence has recognized that a lack of the prerequisite consent for a consent

---

[14] We note that even if the objection of no cause of action and prescription applied in this case, Mr. Dougherty's motion for new trial clearly states on the face of the motion that a request for a new trial in accordance with La. C.C.P. art. Art. 1972(1) was timely filed pursuant to La. C.C.P. art. 1913.

[15] We note that Mr. Dougherty moved to strike the peremptory exceptions as procedurally improper. However, at the hearing on the motion for new trial, Mr. Dougherty stated that his motion to strike was "not necessary anymore because [the district court] [was] taking up the exceptions on the same day" as the motion for new trial.

[16] The district court referred to La. C.C.P. art. 1972 but it was actually referring to the delays for filing a motion for new trial that are set forth in La. C.C.P. art. 1974.

8

judgment can be raised by the filing of a motion for new trial. **Raborn v. Raborn**, 2013-1211 (La. App. 1 Cir. 11/13/14), 2014 WL 5878933 at *5 (unpublished), writ denied, 2015-0041 (La. 4/2/15), 163 So.3d 793; **Diez v. Diez**, 2011-1569 (La. App. 1 Cir. 2/10/12), 2012 WL 602405 at *4, writ denied, 2012-0822 (La. 5/2/2012), 88 So.3d 448. Therefore, the district court abused its discretion in concluding that the motion for new trial provisions did not apply to a consent judgment.

In his motion for new trial, Mr. Dougherty contended that the Consent Judgment was contrary to the law and evidence because it was without legal effect as the post-nuptial marriage contract contravened the requirements of La. C.C. art. 2329. See **Radcliffe**, 219 So.3d at 299. In **Radcliffe**, the supreme court found that the failure to file a joint petition to terminate the parties' community property regime, pursuant to La. C.C. art. 2329, resulted in a relative nullity as defined by La. C.C. art. 2031.[17] **Id**. at 297. Mr. Dougherty alleged in his memorandum in support of the motion for new trial, "Judgments approving matrimonial agreements must result from a joint petition and the consequences of the parties' failure to proceed in this manner [are] that [the] resulting judgment[s] are nullities," citing **Radcliff, Id**. at 301. In a footnote in his memorandum in support of the motion for new trial, Mr. Dougherty stated that "the new trial request [was] a better use of the [district court's] resources than a nullity action." Ms. Dougherty contends that the parties could partition their existing community and sign a post-nuptial marital contract without court approval because a petition for divorce had been filed and the parties had not reconciled when they signed the Consent Judgment, relying on La. R.S. 9:384(A).[18]

---

[17] Louisiana Civil Code article 2031 states, in pertinent part, "A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed."

[18] It appears that La. R.S. 9:384(A) does not apply in this case because the parties were not judicially separated by a judgment signed before January 1, 1991. They also were not judicially separated by a judgment rendered in an action governed by La. R.S. 9:381.

Mr. Dougherty's allegations in his motion for new trial raise the issue of whether the Consent Judgment was a nullity. The parties were free during their marriage to modify or terminate their legal regime with a matrimonial agreement, which is "a contract establishing a regime of separation of property or modifying or terminating the legal regime." See La. C.C. art. 2328. As contracts, matrimonial agreements are governed by the general rules of conventional obligations. See La. C.C. arts. 1906-2057. Because matrimonial agreements are "given a special designation" in the civil code, they are nominate contracts, subject also to the special rules in the title on matrimonial regimes. La. C.C. arts. 1914-16, 2325-2437. Louisiana Civil Code article 2329 imposes procedural limitations on a spouse's ability to implement a matrimonial agreement during the marriage. In **Radcliffe**, the supreme court considered the legal effect of the failure to file a joint petition in compliance with La. C.C. art. 2329. See 219 So.3d at 300. "A contract is null when the requirements for its formation have not been met." La. C.C. art. 2029. The two types of nullities provided for in the civil code are absolute nullities, governed by La. C.C. art. 2030, and relative nullities, governed by La. C.C. art. 2031.[19] The supreme court in **Radcliffe**, 219 So.3d at 301, determined that the failure to file a joint petition makes the matrimonial agreement relatively null. Louisiana Civil Code article 2031 defines a relatively null contract as follows:

> A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.

---

[19] Louisiana Civil Code article 2030 provides:

> A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.

> Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

10

> Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.

The supreme court concluded that La. C.C. art. 2329 was designed to address the capacity and free consent of the parties at the time the matrimonial agreement was made and established a rule intended for the protection of private parties in that it serves to protect a less worldly, economically vulnerable spouse from an overreaching spouse. **Radcliffe**, 219 So.3d at 301. See also La. C.C. art. 2031.

If timely filed, a motion for new trial may be an acceptable procedural vehicle for asserting the nullity of a judgment. **Harriss v. Archives Grill, LLC**, 51,298 (La. App. 2 Cir. 4/5/17), 217 So.3d 1203, 1210 n.8. See also **Dupont v. Canella**, 2010-2172 (La. App. 1 Cir. 8/3/11), 2011 WL 3328709 at *2. In this case, the district court considered the exception raised by Ms. Dougherty and ruled upon the objection of no cause of action. Clearly, the district court abused its discretion in denying Mr. Dougherty's motion for new trial on a peremptory exception raising the objection of no cause of action. In ruling on the exception the district court appears to have found that the motion for new trial was timely filed. We find that the district court's judgment is legally incorrect and remand. On remand, the district court must determine if Mr. Dougherty's motion for new trial was timely filed under La. C.C.P. arts. 1913 and 1974 and then determine if the Consent Judgment is a nullity under **Radcliffe** and La. C.C. arts. 2030, 2031, 2329. Mr. Dougherty's assignments of error numbers one and two have merit.

### Sanctions

We must now determine whether the district court erred in imposing sanctions upon Mr. Dougherty. Louisiana Code of Civil Procedure article 863 provides, in pertinent part:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.....

11

B. [T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

. . . .

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

Accordingly, under La. C.C.P. art. 863, there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. **Landry**, 331 So.3d at 856. Mr. Dougherty's motion for new trial raises a valid legal argument. In determining whether an attorney has breached that affirmative duty, the district court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted. **Id**. Louisiana Code of Civil Procedure article 863 does not empower a district court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. **Id**. Furthermore, La. C.C.P. art. 863 is intended to be used only in exceptional

12

circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. **Berthelot v. Berthelot**, 2017-1331 (La. App. 1 Cir. 7/18/18), 254 So.3d 730, 735; **Carrollton Presbyterian Church v. Presbytery of South Louisiana**, 2014-1214 (La. App. 1 Cir. 3/9/15), 172 So.3d 1, 8, writ denied, 2015-0682 (La. 5/22/15), 171 So.3d 257.

The district court in its reasons for judgment stated that there was not the "slightest justification for the assertion of the legal right requested in this case," and described Mr. Dougherty's argument as "specious … at best." The district court also stated that because the motion for new trial was filed so long after the Consent Judgment was signed, that Mr. Dougherty filed it to harass.

The motion for new trial in this case had a rule to show cause attached whereby the district court set the matter for hearing on March 24, 2020. It is well settled that a motion for new trial does not necessarily require a contradictory hearing. **First Bank and Trust v. Fitness Ventures, L.L.C.**, 2017-0475 (La. App. 1 Cir. 12/6/17), 2017 WL 6031783 at *4 (unpublished). Had the district court determined that the motion for new trial was filed to harass, cause unnecessary delay, or needless litigation, or was frivolous, it could have denied the motion without setting the matter for and holding a hearing. By setting the matter for hearing, the district court indicated that the motion could have merit.

We find the district court was manifestly wrong in awarding sanctions. This court has held that the filing of a suit that is later determined to be prescribed, without more, is insufficient to warrant the imposition of sanctions under La. C.C.P. art. 863. **Mid-South Fire Protection, Inc. v. Happy Haven Homes, Inc.**, 2009-0611 (La. App. 1 Cir. 6/11/10), 2010 WL 2342821 at *1 (unpublished) (on rehearing). As is clear from our discussion of the motion for new trial, Mr. Dougherty was justified in raising the argument that the Consent Judgment was relatively null. The district court did not consider the merits of Mr. Dougherty's claims. While they may

13

ultimately be found to have no merit, he raised a valid contention that the post-nuptial marital contract in the Consent Judgment is relatively null because the parties did not file a joint petition and did not comply with La. C.C. art. 2329. See Radcliffe, 219 So.3d at 301. The district court erred in concluding that exceptional circumstances existed in this case to justify the imposition of sanctions as there was more than the "slightest justification for the assertion of a legal right." See Landry, 331 So.3d at 356. Mr. Dougherty's motion for new trial raises a valid legal argument that the judgment in question may be a nullity. Moreover, nothing in the record demonstrated that Mr. Dougherty filed the motion for new trial to harass Ms. Dougherty. Therefore, the district court was manifestly erroneous in imposing sanctions in this case because the legal rights asserted in the motion for new trial were justified.[20] Mr. Dougherty's third assignment of error has merit.

## CONCLUSION

We reverse that part of the June 16, 2020 judgment granting Shirene Rajah Dougherty's peremptory exception raising the objection of no cause of action, denying Craig Stephen Dougherty's motion for new trial, and granting the request for sanctions. We reverse the November 19, 2020 judgment awarding Shirene Rajah Dougherty sanctions in the amount of $5,500.00 as attorney's fees and $447.81 as costs. We remand for the district court to hold an evidentiary hearing on the motion for new trial filed by Craig Stephen Dougherty. On remand, the district court must determine if Mr. Dougherty's motion for new trial was timely filed under La. C.C.P. arts. 1913 and 1974 and determine if the Consent Judgment is a nullity under Radcliffe 10, L.L.C. v. Burger, 2016-0768 (La. 1/25/17), 219 So.3d 296, 299, and

---

[20] While Ms. Dougherty contends that the Consent Judgment provides that if either party institutes any proceeding to enforce any provision of the Consent Judgment or for damages due to a breach of the Consent Judgment, "or for any other judicial proceeding," the losing party shall pay all such costs, expenses and actual [attorney's] fees incurred by the prevailing party, Ms. Dougherty did not request attorney's fees pursuant to this provision in the district court. He cannot raise this issue for the first time on appeal. See Midland Funding LLC v. Pollard, 2019-1661 (La. App. 1 Cir. 8/6/20), 2020 WL 4529631 at *2 (unpublished).

14

La. C.C. arts. 2029, 2030, 2331.    We dismiss the answer to appeal filed by Shirene

Rajah Dougherty.  Costs of this appeal are to be paid by Shirene Rajah Dougherty.

**REVERSED AND REMANDED; ANSWER TO APPEAL DISMISSED.**